GEORGE MAYER and Another, Trading under the Name and Style of MAYER & KORNBAU, Plaintiffs, *v.* DELSON HOLDING COR-PORATION and Others, Defendants.

Supreme Court, New York County, January 9, 1931.

*Harry Zeitlan* [*Arthur Hutter* of counsel], for the plaintiffs.

*Emanuel Schwach* [*Jacob J. Alexander* of counsel], for the defendants.

TOWNLEY, J.   Action by plaintiffs as subcontractors to foreclose a mechanic's lien, filed June 19, 1928, against premises Nos. 112–114 West Forty-eighth street, New York city, for materials furnished and labor performed in and about the erection of a new three-story building on said premises.   Plaintiffs are copartners engaged in furnishing and erecting structural and ornamental iron work.   Under contract, dated November 30, 1927, made with defendant Eppie Construction Company, Inc., as contractor, plaintiffs undertook to furnish and erect all the structural and ornamental iron work required in and about the erection of a new three-story building on premises Nos. 112–114 West Forty-eighth street, New York city.   The said premises were owned by defendants Joseph Minetto and Leontine Minetto and were leased to defendant Delson Holding Corporation by lease dated September 17, 1926, for a period of twenty-one years, from October 1, 1926, with renewals.   By the terms of said lease the defendants Joseph Minetto and Leontine Minetto as landlords granted to the tenant: " The right, privilege and authority, from time to time, to erect a new building or buildings upon the demised premises and from time to time to demolish and remove any building or buildings now or in the future erected upon the demised premises   *   *   * provided no work shall be commenced (upon any new building) until the tenant furnished to the landlord a surety company bond." Said lease also provided: " All additions, alterations and improvements made to these premises shall remain at the end of the term hereby demised, or sooner determination of this lease and become the property of the said landlords.   A mortgage or mortgages [to an amount equal to sixty-five per cent of the value of the new building or alterations] may be placed by the tenant in the form of a building loan prior to the erection and completion of such building or buildings.   The landlords agree to execute on demand the necessary bonds and mortgages and all other instruments which will be required for the purpose of placing such mortgage or mortgages upon the fee of the demised premises,   *   *   * and further agree that if they shall fail, neglect or refuse to do so, the landlords do hereby and irrevocably appoint the tenant their agent and attorney in fact to execute the aforesaid bonds and mortgages and other instruments that may be required."   In order to finance the erection of the proposed new building, a building loan agree-

ment dated August 3, 1927, was entered into between defendant Delson Holding Corporation (the tenant), as borrower, and the Prudence Company, Inc., as lender, and same was filed in the New York county clerk's office on September 21, 1927. A mortgage also dated August 3, 1927, was made in which Delson Holding Corporation (then tenant), and Joseph Minetto and Leontine Minetto (the owners) were mortgagors and the Prudence Company, Inc., was mortgagee. Said mortgage recites that it is made " pursuant to a certain agreement for a building loan dated August 3, 1927, and filed in the office of the Clerk of the County of New York, and is to be construed with all the provisions of said agreement." Said mortgage contains, among others, the following provisions: " That the mortgagors Joseph Minetto and Leontine Minetto, his wife, join in this mortgage for the purpose of making this mortgage a joint first lien upon the above described premises and to subject the fee simple estate in said premises to the lien of this mortgage and to all the covenants hereof, and to foreclosure and sale in the event of default hereunder authorizing such action; but the mortgagors are not otherwise personally bound by the covenants herein contained or otherwise personally obligated for the payment of the mortgage indebtedness or any portion thereof or for any deficiency * * *. That the present buildings on the premises shall not be altered, removed or demolished until a bond of completion shall have been procured, submitted to and accepted by the owner of the fee." The Lien Law prescribes that it shall be " construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." (Lien Law, § 23, as re-enacted by Laws of 1929, chap. 515.)

The owners specifically authorized the erection of the new building by express terms in the lease upon securing a bond for completion and such bond was furnished and was accepted by the owners. The active participation of the owners and of the lessee in the arrangements for financing the new building evidenced by the terms of the building loan agreement and the mortgage simultaneously executed, together with the evidence in the record, sufficiently and convincingly establishes that the owners and the lessee had full knowledge, or its equivalent; that is to say, ample opportunity for complete knowledge in respect to the new building and that they gave acquiescence and consent thereto within the meaning of section 3 of the Lien Law. (See *Gates & Co.* v. *National Fair & Exposition Assn.*, 225 N. Y. 142.)

The contention of defendants that the notice of lien is not a

substantial compliance with section 9 of the Lien Law (as amd. by Laws of 1916, chap. 507), and is invalid cannot be approved. This notice contains the names of the individual lienors as well as the copartnership or firm name and gives the business address of the copartnership. It further specifies that the lien is filed against Joseph Minetto and Leontine Minetto as owners; the Delson Holding Corporation and Eppie Construction Company, Inc., as lessees, and that the materials were furnished to Eppie Construction Company, Inc., and to Delson Holding Corporation, and that plaintiffs were employed by E. J. Epstein, as president. The chief purpose of the statute that the notice of lien afford notice to owners, lessees, purchasers and other lien creditors so they may ascertain the true facts is adequately satisfied and accomplished by this notice of lien. The case of *Kane* v. *Hutkoff* (81 App. Div. 105), relied on by the defendants, is not in point. In an unnecessary dictum, which has never been specifically followed or approved, it was stated that the entire omission of the individual names of the partners rendered the notice of lien defective. It is to be observed that in the case at bar the individual names of the partners are specified as well as the copartnership or firm name, together with the business address of the copartnership. In my opinion the reasoning and construction by Justice (now Judge) LEHMAN of section 12 of Lien Law in the case of *Post & McCord* v. *City of New York* (86 Misc. 300) is equally applicable to the provisions of section 9 of the Lien Law, that if a partnership, the business address of such partnership shall be stated, is all that is required by the terms of the statute. At all events, it is inconceivable that the rights and remedies of any one interested could possibly be prejudiced, impaired or impeded by the technical omission to state the residence of the individual members of the partnership in this notice of lien. I consider and hold that this notice of lien is adequate and sufficient and is valid in all respects. (*Waters* v. *Goldberg*, 124 App. Div. 511; *Post & McCord* v. *City of New York*, 86 Misc. 300; *Lichtenstein* v. *Grossman Construction Corporation*, 221 App. Div. 527; *Mahley* v. *German Bank of Buffalo*, 174 N. Y. 499.)

The oversight in the complaint to allege that at the time of filing the lien or prior to the commencement of the action money was due to the contractor (See *Wood Mfg. & Realty Co. of Long Island* v. *Johnstone*, 148 App. Div. 747) has been obviated and rendered immaterial by the introduction of evidence at trial, and the pleadings will be deemed amended to conform to the proof. The plaintiffs are not entitled to a personal judgment against the owners as no contractual liability has been established as between

the owners and these plaintiffs. (Lien Law, § 54; *Brigham* v. *Duany*, 241 N. Y. 435; *Smith* v. *Vara*, 136 Misc. 500.)

Judgment is awarded to the plaintiffs, together with costs and disbursements of the action. (Lien Law, § 53.) Thirty days' stay granted to defendants and sixty days to make a case. Present decision, containing findings of fact and conclusions of law and judgment upon notice.