William T. Cowin, J.
This is a motion by the defendant Consolidated Edison Company of New York (hereinafter referred to as Con Edison) for summary judgment.
This cause of action is brought by the plaintiff, a tenant in an apartment house, for injuries sustained in a hallway as a result of an area electrical blackout. Her husband, also sues-for loss of service.
The suit is brought directly against the public utility, Con Edison. The owner of the building, who had an implied contract with Con Edison to furnish electrical current, is not a party to this action. In fact, the bill of particulars of the plaintiff states ‘ ‘ the injured plaintiff was not a customer of the defendant for the supply of electricity for the hallways and stairways of the apartment in which she resided. ’ ’
Plaintiff claims that the defendant was negligent in permitting its equipment in its West 12th Street substation to be faulty, worn and improperly insulated so that there was an insulation breakdown and the blackout occurred.
The question presented is whether the plaintiffs, who sustained damages, can maintain an action against the defendant Con Edison for injuries resulting from the alleged negligent failure of the defendant to furnish electrical current pursuant to a contract between the defendant and the landlord.
The defendant in its affidavit in support of its motion for summary judgment concedes there are no issues of fact. The only issues to be determined are those of law. Under such circumstances, the motion for summary judgment is proper. (Safro v. Feldshuh, 200 N. Y. S. 2d 480; Goodwill Adv. Co. v. State Liq. Auth., 40 Misc 2d 886, affd. 19 A D 2d 928.)
Chief Judge Cardozo succinctly stated the principle of law here involved: “ ‘ In every instance, before negligence can be predicated of a given act, back of the act must be sought and found a duty to the individual complaining, the observance of which would have averted or avoided the injury. ’ (McSherry, C. J., in W. Va. Central R. Co. v. State, 96 Md. 652, 666; cf. Norfolk & *734 Western Ry. Co. v. Wood, 99 Va. 156, 158, 159; Hughes v. Boston & Maine R. R. Co., 71 N. H. 279, 284; U. S. Express Co. v. Everest, 72 Kan. 517; Emry v. Roanoke Nav. Co., 111 N C. 94, 95; Vaughan v. Transit Dev. Co., 222 N. Y. 79; Losee v. Clute, 51 N. Y. 494; DiCaprio v. N. Y. C. R. R. Co., 231 N. Y. 94; 1 Shearman & Redfield on Negligence, § 8, and cases cited; Cooley on Torts [3d ed.], p. 1411; Jaggard on Torts, vol. 2, p. 826; Wharton, Negligence, § 24; Bohlen, Studies in the Law of Torts, p. 601.) ” (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339, 342.)
In the landmark case of Moch Co. v. Rensselaer Water Co. (247 N. Y. 160) a somewhat similar situation arose. The water company had a contract to furnish water to the City of Rensselaer. It was alleged that a building caught fire adjacent to the plaintiff’s warehouse. The water company, according to the complaint, was notified, but did not furnish sufficient pressure to enable the fire to be extinguished, although it had agreed with the city to furnish such pressure. As a result the plaintiff’s warehouse was destroyed. The complaint was based on three grounds: breach of contract within Lawrence v. Fox (20 N. Y. 268); common-law tort within MacPherson v. Buick Motor Co., (217 N. Y. 382); and the breach of a statutory duty. The court decided against the plaintiff on all three grounds.
For a third party, such as the tenant, to recover in contract, it must be shown that the contract between Con Edison and the landlord was intended for the tenant’s benefit. “ The benefit, as it is sometimes said, must be one that is not merely incidental and secondary (cf. Fosmire v. Nat. Surety Co., 229 N. Y. 44). It must be primary and immediate in such a sense and to such a degree as to bespeak the assumption of a duty to make reparation directly to the individual”. (Moch Co. v. Rensselaer, supra, p. 164.)
To hold to the contrary would introduce new parties with new rights and would subject the defendant to a multitude of suits for damages that could not have been intended or in the contemplation of the parties at the time the contract was made.
For the third-party tenant to maintain the action in tort “ the query always is whether the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm, or has stopped where inaction is at most a refusal to become an instrument for good (cf. Fowler v. Athens Waterworks Co., 83 Ga. 219, 222).” (Moch Co. v. Rensselaer, supra, p. 168.)
Even if the defendant be negligent in failing to deliver electrical current, the failure in such circumstance is a denial of a benefit, not the commission of a wrong. (German Alliance Ins. *735 Co. v. Home Water Supply Co., 226 U. S. 220; Hone v. Presque Isle Water Co., 104 Me. 217.)
The reasoning in the water cases has been carried over to public utilities. In Nicholson v. City of New York (271 App. Div. 899, affd. 297 N. Y. 548), the power company was under contract with the City of New York to furnish electric current to streets in Long Island City. The lights were out when the automobile of the plaintiff’s intestate crashed into an elevator pillar in the roadway because of the total darkness in the area. A judgment in favor of the plaintiff was reversed by the Appellate Division and the complaint dismissed. The reasoning of the Appellate Division was that the power company did not incur any tort liability to the plaintiff for breach of a contractual duty which the power company owed to the city. (Cf. Moch Co. v. Rensselaer Water Co., supra; Cochran v. Public Serv. Elec. Co., 97 N. J. L. 480; Quinn v. Georgia Power Co., 51 Ga. App. 291.)
The defendant ¡Con Edison is not charged with using its electricity in a dangerous manner or by its use creating any dangerous condition. What it is charged with is the nonperformance of its contract with its customer, the landlord, and it owes no duty to the plaintiff tenant, for which it may be made responsible by an action in tort for negligence. (Nicholson v. City of New York, supra; East Coast Freight Lines v. Consolidated Gas, Elec. Light & Power Co. of Baltimore, 187 Md. 385, 402; cf. Mullican v. American Light & Ry. Co., 121 Miss. 806).
It appears well settled that negligent conduct becomes actionable only when it violates some specific duty (Palsgraf v. Long Is. R. R. Co., supra; Cohen v. Koster, 133 App. Div. 570). The failure to perform a contractual obligation is never a tort unless it is also a violation of a legal duty (Rich v. New York Cent. & Hudson Riv. R. R. Co., 87 N. Y. 382). “ Without duty, there can be no breach of duty, and without breach of duty there can be no liability.” (Williams v. State of New York, 308 N. Y. 548, 557.) “ It is the breach of the duty imposed by law and not of the contract obligation which constitutes the tort. While such duty may arise out of contract, it is a separate and distinct undertaking so that a breach of one will not necessarily imply a breach of the other, although the same conduct may at times constitute a tort as well as a breach of contract.” (Rosenbaum v. Branster Realty Corp., 276 App. Div. 167, 168.)
The court recognizes that the absence of a remedy by the tenant in an action for damages leaves her without recourse and is also aware of the flexibility and creative power of the *736 law to meet the progressive developments of the age. (Bing v. Thunig, 2 N Y 2d 656; Battalla v. State of New York, 10 N Y 2d 237; Flanagan v. Mt. Eden Gen. Hosp., 24 N Y 2d 427.) However, it cannot reject principles established by sound reason or doctrines established by long experience.
“ To hold that any loss by an innocent party must be compensated, regardless of blame, thrusts the law into the field of insurance and would demand the full entrance of the community, through some structure created by statute, into the social problems which follow the loss.” Quotation from an article by the Honorable James D. Hopkins, Associate Justice of the Appellate Division' of the Supreme Court, “The Formation of Rules; A Preliminary Theory of Decisions ” (35 Brooklyn L. Rev. 165, 183 [1969]). Summary judgment is granted dismissing the complaint.