**ABRAVAYA, et al v. FLORIDA POWER & LIGHT CO.**
No. 73-8510.
Circuit Court, Dade County.
May 30, 1973.

Lawrence D. Faye, Miami, for the plaintiffs.

McCarthy, Steel, Hector & Davis, for the defendant.

JOSEPH NESBITT, Circuit Judge.

This cause came on for hearing before the court on the defendant's motion to dismiss and, after notice to all parties, the court having heard argument and being duly advised in the premises, it is ordered and adjudged as follows —

1. The motion to dismiss for failure to state a cause of action is granted and the plaintiff is given 20 days in which to file an amended complaint. The grounds for granting this motion are stated in the following paragraphs.

2. The complaint does not state a cause of action under the class action rule because it does not involve a matter which is appropriate for a class action. This case involves allegations of negligent action which resulted in an interruption of power. The minor plaintiff, driving a motor vehicle, claims to have been injured as a result of inoperative traffic signals. It is contended by plaintiffs' counsel that a proper class with the requisite "community of interest" is formed with these plaintiffs and all other persons injured at the time of the power interruption. In fact, the complex questions of proximate cause, assumption of the risk, contributory negligence, and all other questions of negligence law including the question of damages make this case a particularly unlikely prospect for class action. See Committee Note to Rule 23, *Proposed Amendments to Rules of Civil Procedure for the United States District Courts*, 39 F.R.D. 69, 103 (1966) (3B J. Moore, *Federal Practice* §23.01 (10.—3) (2d ed. 1969)) —

> "A 'mass accident' resulting in injuries to numerous persons is ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses to liability, would be present, affecting the individuals in different

ways. In these circumstances an action conducted nominally as a class action would degenerate in practice into multiple lawsuits separately tried."

The court is aware of recent cases involving class actions none of which allow the class action to be maintained, including Equitable Life Assurance Society v. Fuller, 275 So. 2d 568 (Fla. 3d Dist. 1973); Federated Department Stores, Inc. v. Pasco, 275 So.2d 46 (Fla. 3d Dist. 1973); Watnick v. Florida Commercial Banks, Inc., 275 So.2d 278 (Fla. 3d Dist. 1973); and Harrell v. Hess Oil and Chemical Corporation, 272 So.2d 573 (Fla. 1st Dist. 1973). The instant case is an even less compelling case for allowing a class action.

In accordance with the authority of the Florida case law, the allegations of the complaint concerning class action are stricken and the complaint is dismissed with prejudice insofar as it purports to state a class action. The plaintiffs are given leave, pursuant to the provisions of paragraph 1, to file an amended complaint which does not allege a class action.

3. The complaint is insufficient to state a cause of action for negligence because it does not sufficiently allege a duty, a breach of that duty, proximate cause for injury to the plaintiff, and damages, each of which must be alleged. Plaintiff is required to plead ultimate facts and it should be pointed out that this is not an ordinary automobile negligence case where a form complaint is sufficient. Kartikes v. Demos, 14 So.2d 86, 87 (Fla. 3d Dist. 1968).

The plaintiffs seek recovery for failure of the defendant to supply electric power to a third party and assert that this failure caused the minor plaintiff to have an automobile accident with another motor vehicle. The plaintiffs should understand that this situation raises complex legal questions. Pleadings should be sufficient to allow an orderly testing of the sufficiency of the complaint.

The court suggests the plaintiffs consider the following questions, raised by the motion to dismiss before filing an amended complaint —

(a) What duty does the power company owe to the plaintiffs? Nicholson v. City of New York, et al., 297 N.Y. 548, 74 N.E.2d 477 (1947), Shubitz v. Consolidated Edison Co., 301 N.Y.S.2d 926 (Sup. Ct. 1969).

(b) What were the acts of negligence which breached this duty?

(c) Was the breach the proximate cause of the injuries to the minor plaintiff?

(d) What damages were suffered by the plaintiffs? Are they within the jurisdiction of this court? Who can claim those damages?

(e) Whether or not the governmental authority is a necessary or indispensable party? It is not sufficient to state that the defendant is responsible for the power system and that power turns on the lights because there are other sources of power, (for instance, auxiliary generator systems which are maintained by many users of electric power) and, since the defendant is not responsible for the ultimate control of the traffic signals (see Metropolitan Dade County Code), the allegations of control are not merely insufficient, they are contrary to the law.

(f) Whether or not the operator of the other vehicle involved in the alleged accident is a necessary or indispensable party? The obvious questions of assumption of the risk and contributory negligence are involved herein and the plaintiff may aid the court in the ultimate disposition of this matter by pleading with some specificity concerning the facts of the traffic situation although this is not mandated by this order.

(g) If the traffic signals are not in operation, what principle relieves the plaintiff from observing the rules of the road governing unlighted traffic intersections?

4. Nothing in this order is meant to suggest that plaintiffs have any duty other than to plead the ultimate facts on which they place reliance.