CUSTER BUILDERS, INC., Appellant-Respondent, v. QUAKER HERITAGE, INC., Respondent, and THURMAN BROWN CORP., Respondent-Appellant, et al., Defendants.

Third Department, May 31, 1973.

*Gerard R. Gemmette* for appellant-respondent.

*Wayne P. Smith* for respondent and respondent-appellant.

REYNOLDS, J.   These are cross appeals from a judgment of the Supreme Court, Schenectady County, entered in favor of the plaintiff upon a decision of the court at a Trial Term, without a jury.

At issue on this appeal is a contract dispute between a general contractor, a subcontractor and the landowner-developer. On October 8, 1968 Frank Corradi (doing business as Custer Construction Company and incorporated three weeks later as Custer Builders, Inc., plaintiff herein) entered into a written contract with Thurman Brown Corporation (the general contractor [hereinafter referred to as Brown]) which provided that Corradi would perform the carpentry work on an apartment complex being built by Brown and owned by Quaker Heritage, Inc. (the developer [hereinafter referred to as Quaker]) for an agreed price of $70,060.   Under this contract, Corradi (now, Custer Builders, Inc. [hereinafter referred to as Custer]) was to be paid according to a work schedule, getting a certain sum as each stage of carpentry work was completed.   However, after a few weeks on the job, difficulties developed and Custer could not meet the work schedule mainly because of the conditions on the building site and the failure of other subcontractors to complete their work on time.   Due to this, Custer found itself in financial trouble and was unable to meet its payroll and union welfare payments.   Shortly thereafter, Corradi, Eugene Brown, the president of Brown, and the union's business agent met to discuss the situation.   As a result of this and later meetings, a new oral agreement was reached between Custer and Brown, whereby Brown guaranteed payment of the Custer payroll. Pursuant to this agreement, Brown paid two of Custer's gross payrolls but afterwards paid only the net payroll; it also paid Custer's share of union pension and welfare benefits.

On June 1, 1969 Custer quit the job, alleging that Brown had breached the oral agreement by not paying the gross payroll.

Custer, at this time, was in serious trouble with the Internal Revenue Service for not making required withholding and F.I.C.A. deposits. Custer then filed a mechanic's lien against the property in the amount of $38,620 and commenced this proceeding against both Brown and Quaker to foreclose the lien. At the trial, Custer all but abandoned its lien theory and sought to recover on the alleged oral contract, claiming that Brown had guaranteed not only Custer's gross payroll, but also its costs so that it would suffer no loss on the project. It sought to hold Quaker jointly liable on the theory that Brown was the former's agent, alter ego or mere instrumentality since both corporations had the same two directors, officers and shareholders. The defendants admitted an oral agreement had been made but claimed its terms were net payroll or the percentage completion formula of the original contract, whichever was higher. Furthermore, they claimed that Brown had actually paid Corradi and Custer $99,311.83 instead of the $89,369.26 claimed to have been received by the plaintiff.

The defendants also counterclaimed for damages allegedly due to Custer's prematurely quitting the job. Trial Term held that Brown had, in fact, made a new agreement to pay Custer's gross payroll, including Corradi and his wife's corporate salaries plus certain union welfare payments, and that this amount totaled $119,147. It further found that $89,369.26 had been paid leaving a balance of $29,777.74 for which the court gave personal judgment to Custer against Brown. However, the court dismissed the complaint as against Quaker because there was no showing of any fraud in the operation of the two corporations or that Quaker was a party to either the written or oral contract. The counterclaim was denied because the court found that Custer was justified in leaving the job and the lien was dismissed since the plaintiff had not established a right thereto but had proceeded instead on a contract theory. The plaintiff appeals from so much of the judgment which dismissed the complaint against Quaker and the defendant Brown cross appeals the recovery awarded the plaintiff against it.

We find no basis to disturb the judgment appealed from. The plaintiff's arguments as to the liability of Quaker have no merit. There is absolutely no proof in the record of any dominance by Quaker of Brown so as to preclude recognition of their separate corporate existences or factual support for plaintiff's allegation that Brown was the agent or instrument of Quaker or that the two corporations had participated in a joint venture. Nor is there any evidence of fraud, wrongdoing, commingling of

corporate funds or other circumstances upon which to predicate a disregard of the separate corporate identities. The mere fact that the two corporations were owned and operated by the same two individuals, without more, is not sufficient to justify a disregard of corporate identities (*Crowell Corp.* v. *Merrie Paper Co.,* 35 A D 2d 803) and that is all that has been established here. Similarly, there is no basis for recovery against Quaker on the basis of unjust enrichment. There is absolutely nothing in the record which would indicate that it is inequitable for Quaker to retain plaintiff's so-called benefit. It is well settled that a landowner who has had the benefit of a subcontractor's services, pursuant to a contractual obligation with a general contractor in a construction contract, is not liable for the work done by the subcontractor unless he has, in some way, agreed to pay therefor (*Woodruff* v. *Rochester & Pittsburgh R. R. Co.,* 108 N. Y. 39; *New York Tel. Co.* v. *Teichner,* 69 Misc 2d 135), nor may the subcontractor assert a mechanic's lien against the property in such a situation (*Delany & Co.* v. *Duvoli,* 278 N. Y. 328, 331). Here, there is no showing that Quaker had in any way agreed to pay for the plaintiff's services, nor any showing that plaintiff had relied on that corporation to do so. The plaintiff dealt solely with Brown, a separate and distinct entity, and again the mere fact that both corporations are owned and controlled by the same individuals is not enough upon which to award a recovery based on unjust enrichment absent a showing of fraud or some other inequity. *Joan Briton, Inc.* v. *Streuber* (36 A D 2d 464, affd. 30 N Y 2d 551), relied on by the plaintiff, is inapposite.

Nor can we find any basis for reversal in the contentions of Brown that the plaintiff did not prove the essential terms of the purported new agreement or that the verdict was excessive and against the weight of the evidence. Admittedly, a new agreement was reached, and such was enforceable as a novation. As to the terms of the new agreement, we find no reason to disturb the trial court's factual determination of this issue which is fully supported by the record. Similarly, the question of how much had previously been paid to the plaintiff was a factual determination which should not be disturbed on the instant record.

The judgment should be affirmed, with costs to plaintiff Custer Builders, Inc.

HERLIHY, P. J., STALEY, JR., SWEENEY and KANE, JJ., concur.

Judgment affirmed, with costs to plaintiff Custer Builders, Inc.