**ONE 1964 CADILLAC SEDAN DEVILLE, 4-DOOR, MOTOR AND SERIAL NO. 64B012513,**
and
**Paul W. Kibby, guardian of said automobile, Plaintiff/Owner,**

v.

**UNITED STATES of America, Defendant.**

**No. 73 C 787(3).**

United States District Court,
E. D. Missouri, E. D.

May 3, 1974.

---

20. I therefore need not consider the defense of laches interposed by HAIL.

Paul W. Kibby, pro se.

Donald J. Stohr, U. S. Atty., Terry I. Adelman, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon the motion of the United States to dismiss this action.

Plaintiff Paul W. Kibby in this pro se action seeks the return of an alleged wrongfully seized 1964 Cadillac Sedan Deville four-door, serial No. 64B012513 automobile, or in the alternative, the reimbursement of the assessed value of said automobile. On the 13th day of April, 1966, Narcotic Agents, Bureau of Narcotics, United States Treasury Department, seized the said automobile by reason of its involvement in the transportation of heroin pursuant to 49 U.S. C. Section 781 et seq. Thereafter, notice of the seizure and monition was published in a newspaper in the City of St. Louis, Missouri, and posted in the corridor of the United States Courthouse, at 12th and Market Streets, in the City of St. Louis, Missouri. On November 10, 1966, libelant was awarded a decree of forfeiture by the United States District Court, Eastern District of Missouri.

On November 26, 1973, the plaintiff herein brought this action claiming a denial of due process. From the record it appears that the requisite statutory notice was complied with in the libel proceedings. However, the plaintiff asserts that more than notice by publication was necessary, rather personal notice should have been given. This Court agrees. See Menkarell v. Bureau of Narcotics, 463 F.2d 88 (3rd Cir., 1972); Fell v. Armour, 355 F. Supp. 1319 (M.D.Tenn., 1972); Jaekel v. United States, 304 F.Supp. 993 (S.D. N.Y., 1969). The more recent decisions concerning the requirements of due process have provided that notice should be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action . . . " Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); Fell v. Armour, supra; Jaekel v. United States, supra. Accordingly, "due process would appear to require in most instances that owners of vehicles seized pursuant to the Act be afforded timely and adequate personal notice." Fell v. Armour, supra, 355 F.Supp. at 1328.

The Government urges that the statutory period limiting the filing of this type of action bars plaintiff's claim. Title 28, Section 2401 does provide that in such a civil action against the United States there is a six year limitation period commencing when the right of action first accrues. This contention has merit. Even if plaintiff claims lack of knowledge as to the existence of this cause of action for purposes of tolling the limitation, such ignorance generally will not suspend accrual. Howard v. Sun Oil Company, 464 F.2d 596 (5th Cir., 1969); Crown Coat Front Co. v. United States, 275 F.Supp. 10 (S.D.N.Y., 1967), aff'd 395 F.2d 160 (2nd Cir., 1968), cert. den. 393 U.S. 853, 89 S.Ct. 123, 21 L.Ed.2d 122 (1968); New York and Cuba Mail Steamship Co. v. United States, 172 F.Supp. 684, 145 Ct.Cl. 652 (1959); Adams v. Albany, 80 F.Supp. 876 (S.D.Cal.1948). Inasmuch as a seven year period elapsed before this suit was filed it is difficult to imagine that the plaintiff herein, though confined in a federal penitentiary, was

incommunicado for six years so that he was unaware of the forfeiture of his automobile. In consequence,

It is hereby ordered that defendant's motion to dismiss this action be and is granted.