**Bobby J. LAWSON**

v.

**UNITED STATES of America.**

**Civ. A. No. C75–1045A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

July 31, 1975.

Herbert Shafer, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., J. Robert Cooper, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, Chief Judge.

Plaintiff brings this action in the nature of an application for a writ of coram nobis, 28 U.S.C. § 1651, to vacate and set aside the judgment and sentence imposed upon him following his plea of guilty in 1966 to violation of occupational tax laws relating to wagering. 26 U.S.C. §§ 4411 and 7262. Plaintiff paid a

fine of $1000 and forfeited the sum of $8250 which was seized from him when he was arrested; plaintiff therefore also seeks to recover both of these sums from the government.

By its order of June 3, 1975, this court ordered the government to show cause why the relief sought by plaintiff should not be granted in light of the United States Supreme Court's holding, subsequent to plaintiff's conviction, that the Fifth Amendment privilege against self-incrimination provides a complete defense to prosecution under the federal wagering tax statutes. *Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). The government now having filed its response, the court is prepared to address the merits of the case.

■ The government concedes that the writ of coram nobis is the proper procedure for having the conviction set aside and that the petition for the writ should be granted with respect to setting aside plaintiff's 1966 conviction under the *Marchetti-Grosso* rule, which rule was declared retroactive in *United States v. United States Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed. 2d 434 (1971).

■ The government also concedes the propriety of the coram nobis procedure for recovery of sums paid, but contends further that the Tucker Act, 28 U.S.C. § 1346(a), is the authority upon which the court may order repayment of a fine or return of forfeited property. *Pasha v. United States*, 484 F.2d 630 (7th Cir. 1973); *Lowther v. United States*, 480 F.2d 1031 (10th Cir. 1973). The court accepts both the government's concession and its jurisdictional contention. Litigation in the federal courts, of course, no longer turns upon the kind of artful pleading which was required at a party's peril before the enactment of the modern rules. Consequently, if recovery

is available to this plaintiff, it may be sought in this action without the requirement that another suit be filed and the Tucker Act be specially pleaded. *DeCecco v. United States*, 485 F.2d 372 (1st Cir. 1973); *United States v. Lewis*, 478 F.2d 835 (5th Cir. 1973). *Cf. Smith v. United States*, 287 F.2d 270 (9th Cir. 1971), *cert. denied*, 366 U.S. 946 (1961), 81 S.Ct. 1676, 6 L.Ed.2d 856.

■ Inasmuch as the Tucker Act is the basis upon which the government's immunity from suit has been waived in this instance, any action brought thereunder is subject to the conditions defined by the government under which it will permit such suit. *See, e. g., Honda v. Clark*, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967). One such condition is defined by 28 U.S.C. § 2401:

"... Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

Failure to bring the action within the limitations period "... does not merely provide the government with a waivable defense to the action, but deprives the district court of jurisdiction to hear the action at all." *United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353 (5th Cir. 1972). The six-year period begins to run, of course, from the time that the right of action first accrues, but, as the Fifth Circuit pointed out in the *Red Chevrolet* case, *supra*, that period of limitations does not always begin on the date of the wrong. The cause of action is not considered to have accrued until the plaintiff has a right to enforce it. Here, as in *Red Chevrolet*, plaintiff "... had no reasonable probability of successfully prosecuting his claim against the government prior to the enunciation of the new *Marchetti-Grosso* rule on January 29, 1968." *Id.* at 1358. The Fifth Circuit held in that case that the right

**372**

of action first accrued in January 1968 and that such a conclusion was consistent with the general purposes of the limitation statute and the practical ends to be served by placing a time limitation upon the bringing of actions. *Crown Coat Front Co. v. United States*, 386 U. .S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967).

■ The six-year limitation on actions brought under the Tucker Act for recovery of property unlawfully paid or forfeited for violation of the federal wagering tax statues, therefore, expired on January 29, 1974—six years from the date the Supreme Court decided *Marchetti* and *Grosso*. Although the instant complaint was filed June 3, 1975, more than sixteen months after the running of the statute with regard to forfeitures to which *Marchetti-Grosso* retroactively applied, this is apparently the first reported decision dealing with such a case. Although Red Chevrolet was a case in which the statute of limitations had *not* yet run, the analysis in that decision of the statute of limitations issue is controlling in the instant case, 457 F.2d at 1357–58. Applying that analysis, this court concludes that the statute of limitations has run, and that this action is barred insofar as it seeks to recover amounts paid to the government under the unconstitutional internal revenue statutes. This court no longer has jurisdiction to adjudicate that portion of plaintiff's claim, and it must therefore be dismissed.

Accordingly, plaintiff's petition is hereby granted insofar as it attacks the validity of his 1966 conviction: the judgment and sentence in Criminal No. 24621 are hereby ordered vacated and set aside. Plaintiff's petition is, however denied insofar as it seeks to recover the amounts forfeited and paid as fines, for the reason that such action is barred by the statute of limitations, 28 U.S.C. §§ 1346, 2401. The Clerk is directed to dismiss that portion of the complaint and to enter judgment accordingly.