Frank S. Rossetti, J.
Defendant has moved for an order dismissing the instant claim on the grounds that it fails to state a cause of action, that claimant does not have the legal *638 capacity to sue and that a claim on this action has already been served and filed against the State of New York.
The claim at bar is by a subcontractor of two State highway construction contracts. Claimant alleges the State entered such contracts with Green Island Contracting Corp. (hereinafter "Green Island”) on August 24, 1972 (FISH 72-1, D58247) and October 3, 1972 (FISH 72-2, D58553), respectively. Green Island entered subcontracts with claimant in respect to said prime contracts on September 16, 1972 and November 6, 1972, respectively. These projects were to be 90% Federally funded, but, due to an alleged negligent failure of the State to comply with Federal environmental requirements, an injunction was granted prohibiting Federal participation in and funding of the projects. Pending the outcome of this Federal litigation, the State deleted the work remaining on the two prime contracts on March 11, 1974. Claimant thereafter brought this action on the grounds of breach of contract and breach of implied warranty (first and third causes of action) and negligence (second and fourth causes of action). We find claimant has failed to state a cause of action under any of these theories.
BREACH OF CONTRACT
The general rule is a subcontractor cannot recover under his general contractor’s contract with the State because of an absence of privity of contract between the subcontractor and the State. (See Custer Bldrs. v Quaker Heritage, 41 AD2d 448, 451; Builders Millwork Co. v Nicolaysen, 282 App Div 765, 766; 53 Am. Jur 2d, Mechanics’ Liens, § 418; Tully & Di Napoli, Inc. v State of New York, 51 Misc 2d 11, 14; see, also, Merritt v United States, 267 US 338, 340-341; Gardiner Mfg. Co. v United States, 479 F2d 39, 40; 8 McBride and Wachtel, Government Contracts, § 49.20.) This general rule even obtains where the State has knowledge and consents to the subcontract (see Ellis Chingos Constr. Corp. v Carlton Props., 13 Misc 2d 577, 579, affd 7 AD2d 1020) or even if it participates with respect thereto (see Mayer v Delson Holding Corp., 139 Misc 410, 412-414, affd 234 App Div 671). Since the subcontractor has the express promise of the general contractor, no additional promise from the State will be implied. (See Terrell v Meisenhelder, 143 Misc 911, 912.) Claimant has shown no basis for any contractual relationship between it *639 and the defendant and thus its claim for breach of contract must fail.[1]
Claimant has apparently attempted to circumvent the above no privity rule by alleging the additional theories of breach of warranty and negligence. After a thorough review of all the papers submitted, the court finds no recovery warranted under these theories either.
BREACH OF WARRANTY
Claimant concedes defendant made no express warranty that it had complied with all Federal requirements, but argues such a warranty should be implied from circumstances. In the first place, we believe no such warranty can be implied and, secondly, even if it could, claimant would not be entitled to recover for any breach thereof because of the absence of contractual relations between it and the State.
Claimant has not shown that the State’s two prime contracts with Green Island were contingent on Federal funding and claimant’s affidavit and memorandum of law emphasize the State could have continued the subject projects with its own money (the Federal injunction barred only the expenditure of Federal funds, not State moneys). Such facts are inconsistent with claimant’s would-be implied warranty and claimant has not otherwise alleged sufficient facts to justify such a warranty. Defendant’s obligation to pay is fully provided for under its prime contracts with Green Island. We see no reason why the State should be deemed to have additionally warranted that it would pay with Federal funds.
Claimant’s contention that privity has been discarded in a breach of warranty cause of action is incorrect. Privity of contract is no longer required in breach of warranty actions involving strict products liability situations for the very good reason such actions (at least as to parties not in privity — see DeCrosta v Reynolds Constr. & Supply Corp., 49 AD2d 476) are tortious, not contractual. (See Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 401-402.) The warranties implied in *640 these actions are ones implied in law, distinct and separate from the relevant sales contract. (Ibid.) The putative warranty alleged by claimant here, if it exists at all, clearly does not involve products liability. It is dependent upon and a part of the prime contracts between the State and Green Island, its general contractor. Claimant has pointed to no legal obligation which would support such a warranty independent of said contracts. In fact, it could be argued that no breach of an implied warranty cause of action exists separate from contract other than in the sale of goods. (See Aegis Prods. v Arriflex Corp. of Amer., 25 AD2d 639; see, also, Sears, Roebuck & Co. v Enco Assoc., 83 Misc 2d 552, 557-558, affd 54 AD2d 13.) The use of the term "implied warranty”, with all its products liability and Uniform Commercial Code sale of goods associations, is perhaps inappropriate and confusing in public construction contract cases. We believe analysis would be aided if it were remembered that the limited warranties implied in such cases (such as furnishing the construction site — see generally 48 NY Jur, Public Works and Contracts, § 81) are nothing more than additional contract terms implied from the underlying express contract and the surrounding circumstances. Such warranties should thus be considered purely contractual and we fail to see how the warranty constructed by claimant here can be viewed any differently. The court thus concludes that a claim based on breach of warranty is unfounded.[2]
NEGLIGENCE
Claimant’s final alleged causes of action, in negligence, cannot stand because it has not shown the breach of any legal duty running from the State to claimant. As conceded in claimant’s memorandum, the existence of such a duty is an essential element of negligence (see Palsgraf v Long Island R. R. Co., 248 NY 339, 342) and it must be a legal duty, not merely a contractual one. (See Rich v New York Cent. & *641 Hudson Riv. R. R. Co., 87 NY 382, 394-395; Rosenbaum v Branster Realty Corp., 276 App Div 167; Avesato v Tishman Co., 142 NYS2d 760, 769-770.) Claimant’s only relation with defendant is they both have contracts with a third party (Green Island) dealing with the same projects. Since a direct contractual relationship cannot give rise to tort liability unless an additional legal duty exists or somehow arises from said relationship and the surrounding circumstances (see Albemarle Theatre v Bayberry Realty Corp., 27 AD2d 172, 175-177; Shubitz v Consolidated Edison Co. of N. Y., 59 Misc 2d 732, 735), the tenuous secondary "relationship” here certainly cannot give rise to such liability. Claimant has shown nothing beyond the possible breach of contracts between defendant and Green Island (see Skouras v Brut Prods., 45 AD2d 646, 648) and thus no negligent causes of action by claimant are cognizable against the State.
In closing, the court notes claimant is fully protected by its rights against the promisor of its subcontracts, Green Island, and in fact said promisor has included claimant’s damages in a pending action by it against the State. We see no policy reason for abrogating established legal rules merely to provide claimant with a redundant remedy. The multiplicious litigation the State could be exposed to from such an abrogation supplies a powerful policy argument to the contrary.
Accordingly, defendant’s motion is hereby granted and a short-form order dismissing the subject claim is being signed and filed simultaneously herewith.

. We note claimant has also failed to allege any sufficient claim for unjust enrichment (see Custer Bldrs. v Quaker Heritage, 41 AD2d 448; 62 ALR3d 288). Further, claimant’s memorandum herein specifically eschews any third-party beneficiary theory and it is clear claimant is at best only an incidental beneficiary of the State’s prime contracts with Green Island, thereby not being entitled to any recovery thereunder. (See Zweig v Metropolitan Life Ins. Co., 73 Misc 2d 93, 95; Restatement, Contracts, § 147; § 133, illus 12.)

. We note claimant’s affidavit alludes to an implied covenant that the promisor will do nothing to impede or impair the ability of the promisee to perform under a contract, but such covenant is inapplicable because, among other reasons, the State is not a promisor of claimant’s subcontracts and claimant is not a promisee of the State’s prime contracts. Also, claimant’s additional reference to contract interference adds nothing since any such interference by defendant with respect to claimant’s subcontracts was allegedly negligent and no cause of action exists for negligent interference with contract relations. (See Rockaway Blvd. Wrecking & Lbr. Co. v Raylite Elec. Corp., 26 AD2d 9, 11-12.)