■ GARBER BUILDING SUPPLIES, INC., Plaintiff, v COMMUNITY NATIONAL BANK AND TRUST CO. OF NEW YORK, Respondent, and LOUIS BUTTERMARK, Doing Business as L. L. BUTTERMARK PLUMBING AND HEATING, Appellant, et al., Defendants.—In consolidated actions, *inter alia,* to foreclose mechanics liens, defendant Buttermark appeals from so much of an order of the Supreme Court, Richmond County, dated January 11, 1977, as (1) granted the motion of defendant Community National Bank and Trust Co. of New York for summary judgment striking his cross claim for foreclosure of a mechanic's lien and (2) denied his cross motion for summary judgment against the bank. Order affirmed insofar as appealed from, with $50 costs and disbursements. On August 17, 1970 respondent Community National Bank and Trust Co. of New York, the lessee of the subject premises, contracted with David Lloyd Construction Corp., the general contractor, for the construction of a building for the bank. Thereafter, David Lloyd Construction Corp. entered into a subcontract with appellant, who was to perform certain work on the premises. In that subcontract, dated September 24, 1970, appellant agreed to waive any future lien he might have against the premises, or against the moneys owed to David Lloyd Construction Corp. by the bank under the prime contract. That waiver was supported by adequate consideration, and was valid when made, under former section 34 of the Lien Law (see *Rotodyne, Inc. v Consolidated Edison Co. of N. Y.,* 55 AD2d 600). On appeal, appellant argues that recovery might be had against the bank under a theory of contract, or *quantum meruit,* or by reason of the unconscionability of the subcontract, or by reason of a novation, in which the bank allegedly assumed the duties of David Lloyd Construction Corp. These theories lack merit, and do not involve issues of fact (see *Harrison & Burrowes v State of New York,* 87 Misc 2d 637, 638; *Custer Bldrs. v Quaker Heritage,* 41 AD2d 448, 451). The allegation that there was a novation, which was not made in the pleadings, may not defeat the bank's motion for summary judgment since it has shown that the allegations of the complaint lack merit (see *Central State Bank v American Appraisal Co.,* 33 AD2d

1009, 1010, affd 28 NY2d 578; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.05a). Hopkins, J. P., Latham, Rabin and O'Connor, JJ., concur.