OPINION OF THE COURT
Irving B. Kendall, J.
The plaintiff was injured while working on a machine powered by electricity. He claims that the defendant reduced the electrical power it was furnishing to his employer without advance notice to his employer and that the reduction in power resulted in a malfunctioning of the machine on which he was working and the severing of his fingertips.
The defendant, citing Shubitz v Con Edison Co. of N. Y. (59 Misc 2d 732), and Beck v FMC Corp. (53 AD2d 118, affd 42 NY2d 1027), claims that its failure to notify the employer of a reduction in service was not the commission of a wrong to *359 plaintiff but a denial of a benefit to plaintiff’s employer with whom they had contracted to furnish electrical power and that a contrary holding would subject the defendant to a multitude of suits for damages not foreseeable at the time the contract was made.
I firmly believe that there are issues of fact in this case which merit their determination by a jury, namely, (1) whether the defendant had in fact agreed to notify the plaintiff’s employer before it reduced service, (2) whether they did notify the employer, (3) whether the plaintiff suffered an injury, (4) whether the proximate cause of that injury was the failure by defendant to give advance notice, (5) whether the machinery on which the plaintiff was working did in fact malfunction because of a loss in power, (6) whether it could have malfunctioned and caused the injury to plaintiff whether the power was reduced or not and (7) whether the defendant could reasonably foresee that such an injury could happen to an employee of its customer at the time it agreed to supply electric power.
I find that the defendant owes a legal duty to an employee of its customers who works the machines to which the defendant supplies electric power to use reasonable care to avoid reasonably foreseeable injury to such employee occasioned by a failure of electrical power over which they have control.
Defendant’s motion for summary judgment is denied.