Thomas W. MATTHEW, Plaintiff,

v.

UNITED STATES of America Economic Development Administration (USA), Small Business Administration (USA), National Business League, Inc., Negro Economic Development Corp. Fund, Inc., Defendants.

No. 78 Civ. 0047 (RWS).

United States District Court,
S. D. New York.

May 24, 1979.

Thomas W. Matthew, M. D., pro se.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for the United States of America, Economic Development Administration, and Small Business Administration; William Hibsher, Asst. U. S. Atty., New York City, Roy S. Fastov, Asst. Chief Counsel, Washington, D. C., for Litigation and Liquidation, Robert L. Dumont, Atty. Adviser, Washington, D. C., Economic Development Administration United States Dept. of Commerce, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Matthew has brought this derivative action against the Negro Economic Development Corporation Fund, Inc. ("NEDCF"), the National Business League ("NBL"), the United States of America (the "government"), the Economic Development Administration ("EDA") and the Small Business Administration ("SBA") (the government, the EDA and the SBA collectively the "federal defendants."). The action stems from an alleged breach of an amendment (the "amendment") to a technical assistance grant given by the government, acting through the EDA, to the NBL. The amendment added $135,000 (of which $20,000 was to go to the the NBL for administration costs) to the original grant for an economic development program. NBL was to enter into a contract with an organization such as the NEDCF for such a program. A contract was entered into on April 28, 1971, between the NBL and the NEDCF.

The contract between the NBL and the NEDCF provided that NEDCF was entitled to $47,500 of the $115,000 upon the signing of the contract, with the remaining $67,000 to be paid after the NEDCF submitted to the NBL and the EDA a program budget and work schedule plan. When the documentation was not supplied by the NEDCF within the time periods provided for, the EDA notified the NBL, by letter dated January 3, 1972, that it would not disburse any funds under the amendment beyond the initial $47,500.

Plaintiff here seeks $25,000 of the undisbursed portion of the grant, such claim arising from the dishonor of a check in that

amount, which was drawn by the NBL on May 21, 1971 and made payable to the NEDCF. The plaintiff alleges that, through the EDA and the SBA, the government entered into an oral agreement with NEDCF, whereby the government was to perform certain of NEDCF's obligations under its contract with NBL. The plaintiff asserts that the failure of the government to abide by the oral agreement resulted in the government's denial of further funding under the amendment and a corresponding loss of monies due NEDCF under its contract with NBL.

The federal defendants now move pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, for dismissal of the complaint due to the plaintiff's failure to state a claim upon which relief can be granted. Alternatively, the government moves for summary judgment pursuant to Fed.R.Civ.P. 56(b). Plaintiff moves for leave to file an amended complaint pursuant to Fed.R.Civ.P. 15.

Although the plaintiff initially alleged jurisdiction under 28 U.S.C. 1331(a) ("arising under" jurisdiction) and 28 U.S.C. 1332(a) (diversity jurisdiction) neither of these jurisdictional bases is appropriate against the federal defendants. The complaint alleges the following:

The matter in controversy is plaintiff's demand for full payment of a twenty five thousand ($25,000) dollar check issued by the National Business League to NEDCF on May 21, 1971 pursuant to a contract between NBL and NEDCF and said contract was an amended contract based upon a prior contract between NBL and Economic Development Administration of the U.S. Department of Commerce and said contracts were authorized by the Act

of Congress "Public Works and Economic Development Act of 1965 Section 301(a)."

\* \* \* \* \* \*

In conclusion plaintiff asserts that defendants owe NEDCF the sum of $25,000 as a contractual obligation and as evidenced in the promissory note in the form of a check.

Although the grant in issue was made pursuant to Title III, Section 301(a) of the Public Works and Economic Development Act of 1965 (42 U.S.C. § 3151(a)) the above language, as does the whole complaint, establishes that the claim is founded upon a contract. The Second Circuit has recently emphasized that 28 U.S.C. § 1491[1] and 28 U.S.C. § 1346(a)[2] are the bases for jurisdiction in contract actions against the United States. *See Watson v. Blumenthal,* Dkt. No. 78–6045 (2nd Cir. October 30, 1978). *See also American Science and Engineering, Inc. v. Califano,* 571 F.2d 58 (1st Cir. 1978). Further, plaintiff has not set forth the basis for his "arising under" claim.

Plaintiff, by his amended complaint, recognizes the jurisdictional defect in his complaint and seeks to confer jurisdiction upon this court under 28 U.S.C. § 1346(a) by reducing his claim against the United States to $10,000. *Cf. Putnam Mills Corp. v. United States,* 432 F.2d 553 (2d Cir. 1970) (contract claims in excess of $10,000 must be asserted in the Court of Claims). The federal defendants do not contest this attempt to confer jurisdiction on this court and the amendment will be allowed. However, for the reasons stated below, defendants' motion to dismiss is granted.

■ Contract claims under 28 U.S.C. § 1346(a) must be founded on privity of contract between the claimant and the government. *See Housing Corp. of Ameri-*

---

1. 28 U.S.C. § 1491 provides in pertinent part:

   The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

2. 28 U.S.C. § 1346(a) provides in pertinent part:

   The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

   . . . . .

   (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regula-

ca v. United States, 468 F.2d 922, 199 Ct.Cl. 705 (1972). As in Housing Corporation, the federal defendants are not a party to the contract between the NEDCF and the NDL, but obligated funds to the NDL by a separate agreement, to which the NEDCF was not a party. There is no express or implied contract between NEDCF and the federal defendants. The posture here is more favorable for the federal defendants than that which existed in Housing Corporation, since none of the federal defendants signed the contract between NDL and the NEDCF. The plaintiff's assertion that the contract between NBL and NEDCF expressly provided that NBL was merely a conduit for the government funds intended for NEDCF is to no avail; the government could not be made a party to that contract by the mere contractual language employed by NBL and NEDCF. As a conduit for funds it is NBL, not the federal defendants, that occupies a position of contractual responsibility toward NEDCF for the disbursements pursuant to their contract.

■ Plaintiff's claim may be treated as a third party beneficiary action based on the amendment. But the third party beneficiary approach has gained limited acceptance in the federal courts. In Hebah v. United States, 428 F.2d 1334, 1339–40, 192 Ct.Cl. 785 (1970), and in Dillon v. AFBIC Development Corp., 420 F.Supp. 572 (S.D. Ala.1976), third party beneficiary claims were recognized where there was an absence of any other contractual relationship through which rights could accrue to the claimants. But see Commonwealth of Pa. v. National Ass'n of Flood Insurers, 378 F.Supp. 1339 (M.D.Pa.1974) (third party contractual claim denied), modified on other grounds, 520 F.2d 11 (3rd Cir. 1975).[3] This court is faced with a dissimilar circumstance in light of the contractual relationship which exists between NEDCF and NBL. Also, although the amendment stated that a contract is to be entered into with an organization such as the NEDCF, there is no allegation that NEDCF was involved in the negotiations, that it was the only one with whom the contract was to be entered into with or that it was an intended beneficiary of the contract. Cf. Bogart v. United States, 531 F.2d 988, 209 Ct.Cl. 208 (1976). In this context, NEDCF's status may more properly be analogized to that of a subcontractor working under the framework of a general contract between the United States and another party. See generally Harrison & Burrowes, Inc. v. State, 87 Misc.2d 637, 386 N.Y.S.2d 551 (Ct.Cl.1976). Therefore the claim will not be allowed.

■ Even if a third party beneficiary claim could be supported in the instant case, the six year statute of limitations applicable in civil actions against the United States expired prior to the institution of this action. 28 U.S.C. § 2401(a); Crown Coat Front Co., Inc. v. United States, 395 F.2d 160 (2d Cir.) cert. denied, 393 U.S. 853, 89 S.Ct. 123, 21 L.Ed.2d 122 (1968). See also Lawson v. United States, 397 F.Supp. 370 (N.D.Ga.1975). As a third party beneficiary, NEDCF's claim would accrue at the same time as that of NBL, the alleged promisee under third party beneficiary concepts. See Reconstruction Finance Corp. v. Tuolumne Gold Dredging Corp., 137 F.Supp. 855 (N.D.Calif.1953), aff'd, 230 F.2d 479 (9th Cir.), cert. denied, 352 U.S. 832, 77 S.Ct. 48, 1 L.Ed.2d 52 (1956). NBL's claim accrued upon the alleged breach of the amendment on January 3, 1972, uncontested as the date on which the government informed NBL of its decision to cut off funding under the amendment. See id. The plaintiff did not file his claim until January 5, 1978, more than six years after accrual of the right plaintiff is seeking to enforce. See Lawson, supra.[4] Absent a claim of fraudulent concealment any assertion of lack of knowledge as to the existence of a cause of action, or the facts giving rise thereto, generally will not suspend its accrual for statute

---

tion of an executive department or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

3. Further, in Hebah, supra, the court gave a liberal interpretation to the contract because it was a treaty involving rights of Indians.

4. Due to this determination this court need not reach the federal defendant's claim that due to plaintiff's lack of due diligence in serving defendants the statute of limitations was not tolled upon the filing of the complaint.

of limitations purposes. *See Crown Coat Front Co. v. United States,* 275 F.Supp. 10 (S.D.N.Y.1967) *aff'd.* 395 F.2d 160 (2d Cir.) *cert. den.* 393 U.S. 853, 89 S.Ct. 123, 21 L.Ed.2d 122 (1968). *See also One 1964 Cadillac Sedan v. United States,* 378 F.Supp. 416 (E.D.Mo.1974).[5] No such claim of fraudulent concealment is here made.[6] Therefore, there is no suspension of the accrual of the cause of action.

■ Plaintiff's claim may also be construed as an action on the government's alleged oral promise to perform certain of NEDCF's obligations under its contract with NBL. This claim would satisfy the privity requirement mentioned above. However, the plaintiff is unable to point to any documentation evidencing this agreement, and his claim is therefore precluded by the provisions of 31 U.S.C. § 200,[7] which require written evidence of government obligations. Further, to the extent the claim may be treated as an allegation of tortious interference with contract rights, the contract being the one between the NBL and the NEDCF, it is barred by 28 U.S.C. § 2680(h).[8] *See Pargament v. Fitzgerald,*

272 F.Supp. 553, 556 (S.D.N.Y.1967), *aff'd.* 391 F.2d 934 (2d Cir. 1968); *Covington v. United States,* 303 F.Supp. 1145, 1149 (N.D. Miss.1969).

The plaintiff's claim may also be viewed as an action based on the government's promise to perform. Indeed, the proscription of express oral contracts in 31 U.S.C. § 200 might not preclude recovery on finding an implied-in-fact contract or awarding damages in quantum meruit, even if based on the same operative facts as the alleged express contract. *See Narva Harris Const. Corp. v. United States,* 574 F.2d 508 (Ct.Cl. 1978). In the instant case, however, the plaintiff has alleged no additional facts or circumstances from which this court could infer an implied-in-fact contract or to establish that he is entitled to a quantum meruit recovery. This is not a case in which the parties have entirely failed to put their agreements in writing; the plaintiff instead asserts that existing documentation presents an incomplete picture. The plaintiff will have ample opportunity to obtain redress upon trial of the claims set forth against NBL.

---

5. It should be noted that NEDCF cannot effectively intersperse the presence of NBL as a barrier to NEDCF's gaining knowledge of the government's action without also giving rise to the inference that it was NBL, not the government, which was contractually obliged toward NEDCF.

6. Similarly, there is no assertion by plaintiff that there were actions or representations by the federal defendants giving rise to a claim that the running of the statute of limitations was tolled.

7. 31 U.S.C. § 200(a) provides in pertinent part as follows:

(a) After August 26, 1954 no amount shall be recorded as an obligation of the Government of the United States unless it is supported by documentary evidence of—

(1) a binding agreement in writing between the parties thereto, including Government agencies, in a manner and form and for a purpose authorized by law, executed before the expiration of the period of availability for obligation of the appropriation or fund concerned for specific goods to be delivered, real property to be purchased or leased, or work or services to be performed; or

.    .    .    .    .

(5) a grant or subsidy payable (i) from appropriations made for payment of or contributions toward, sums required to be paid in specific amounts fixed by law or in accord with formulae prescribed by law, or (ii) pursuant to agreement authorized by, or plans approved in accord with and authorized by, law;

In *United States v. American Renaissance Lines, Inc.,* 161 U.S.App.D.C. 140, 145, 494 F.2d 1059, 1064 (1974), *cert. denied* 419 U.S. 1020, 95 S.Ct. 495, 42 L.Ed.2d 294, the court stated:

We view the statute as establishing a requirement that a government contract as involved here be in writing before either party may be allowed to obtain court enforcement of the agreement. The statute admittedly is not phrased as the typical statute of frauds. It is more specific, in that it requires that the contract be supported by documentary evidence of a binding agreement in writing. (footnote omitted)

8. 28 U.S.C. § 2680(h) provides in pertinent part:

The provisions of this chapter and section 1346(b) of this title shall not apply to—

.    .    .    .    .

Any claim arising out of .    .    . interference with contract rights.

For the foregoing reasons, the federal defendant's motion to dismiss is granted. The government is directed to submit an order, on notice, within 10 days of this opinion.

IT IS SO ORDERED.